FILED
CLERK, U.S. DISTRICT COURT
6/28/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DTA___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>RANDALL BERKELY JOHNSON,<br><br>              Defendant. | No. 8:23-cr-00089-DMG<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about November 23, 2022, in Orange County, within the Central District of California, defendant RANDALL BERKELY JOHNSON knowingly possessed a Samsung 500 GB hard drive, with serial number S49WNVOM326429X, that contained at least three videos of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which videos involved prepubescent minors and minors who had not attained 12 years of age, that had been transported using any

means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the videos were child pornography.

The child pornography that defendant JOHNSON knowingly possessed consisted of the following:

1. A video titled "IMG_4975.MOV";
2. A video titled "IMG_5118.MOV"; and
3. A video titled "out1 (4).mp4."

COUNT TWO

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about November 23, 2022, in Orange County, within the Central District of California, defendant RANDALL BERKELY JOHNSON knowingly possessed a Samsung 250 GB hard drive, with serial number S3UKNK0J703261X, that contained at least three videos of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which videos involved prepubescent minors and minors who had not attained 12 years of age, that had been transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the videos were child pornography.

The child pornography that defendant JOHNSON knowingly possessed consisted of the following:

1. A video titled "Video007.__clip_no.015.wmv";
2. A video titled "BW1653_brother_sister_part2.avi"; and
3. A video titled "my_big_sister.avi."

|   |   |
|---|---|
| 1 | FORFEITURE ALLEGATION |
| 2 | [18 U.S.C. § 2253] |

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following property:

    (a)  All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

    (b)  All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

    (c)  All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

    (d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

BRADLEY E. MARRETT
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

MELISSA S. RABBANI
Assistant United States Attorney
Santa Ana Branch Office